**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| vs. | ) | Case No. 17 CR 50062 |
| | ) | |
| **CHARLES R. HANSEN** | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Charles R. Hansen committed a very serious financial crime. Working as a financial advisor, he swindled a number of his clients, all of whom were at or near retirement age, inducing them to invest in risk real estate ventures that he controlled, all the while telling them their money was secure. They invested about $850,000 and lost nearly all of it, about $750,000. Hansen's crime had a severe and undeniable impact on his victims.

Hansen, who at the time of his sentencing was 63 years old, pled guilty to a charge of mail fraud. His prior criminal record was insignificant, consisting of a handful of relatively minor crimes, most of them property-related, that he had committed about 40 years earlier, while in his early 20s. The advisory range under the Sentencing Guidelines was 33 to 41 months. The sentencing judge, now retired, imposed a 36-month sentence, roughly the middle of the range.

Hansen has filed a *pro se* motion under 18 U.S.C. § 3582(c)(1)(A) seeking a reduction of his sentence to time served, and his case was assigned to the undersigned judge. Hansen filed the motion in September 2019, and it was fully briefed as of

November. The Court reviewed it late last year and was, frankly, on the fence, so it deferred ruling.

Matters have now changed. Hansen's medical conditions and his age put him among those at a higher risk of serious illness should be contract the coronavirus. And even without this, the Court is persuaded that Hansen has made the case for a reduced sentence.

Hansen's motion is made under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to provide a greater role for courts in determining whether to reduce a defendant's sentence based on "extraordinary and compelling reasons" warranting a reduction. As amended, and as applicable here (Hansen is not over 70 years old), the statute provides that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>       (i) extraordinary and compelling reasons warrant such a reduction;
>
>       . . .
>
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A). The government agrees that Hansen has satisfied one of

the two alternative routes to exhaustion of remedies under the statute. See Gov't's Resp. to Def.'s Mot. for Reduction of Sentence (dkt. no. 34) at 8.

The first question is whether there are "extraordinary and compelling reasons" warranting a reduction. Hansen relies, initially, on the health and personal circumstances of his wife. She suffers from a serious liver disease that has impaired her immune system. As a result, she is unable to work, and she is in great financial distress. This was, of course, also true at the time of sentencing, but nothing in the First Step Act, section 3582(c)(1)(A), or the Sentencing Guidelines commentary precludes consideration of matters that were before the Court at the time of sentencing. The Court has considered the government's contention that there may be other family members who could care for Mrs. Hansen, but the contention is, frankly, speculative. The fact is that Hansen was and would reasonably be expected to be Mr. Hansen's primary caregiver—as she has affirmed in a sworn affidavit.

Hansen also cites his efforts at rehabilitation while imprisoned, which are significant and documented in his motion. And he has served nearly 23 months of his sentence. His projected release date is in early January 2021, less than seven months from now, and under standard Bureau of Prisons practice he would be released even sooner to a residential reentry center (a "halfway house") and perhaps even to home confinement.

Hansen also contends, in a more recent filing, that the coronavirus outbreak poses a great risk to his health and life as long as he remains incarcerated. At present, there are no confirmed cases of coronavirus among either staff or incarcerated persons at FPC Terre Haute, where he is incarcerated. See

https://www.bop.gov/coronavirus/index.jsp (last visited May 7, 2020). But the Court has no solid information about how much testing has been done, and it is only fair to say that the fact that there are no confirmed cases does not mean that no one in the prison has contracted coronavirus. And if and when that happens, it is likely to spread more quickly than in the general population due to, among other things, the difficulty of accomplishing social distancing in a prison environment and the constant influx of people coming and going from outside the prison, including correctional staff. On the other hand, it appears that the vast majority of those who contract coronavirus do not suffer serious illness, and many remain entirely asymptomatic. That said, the Court cannot discount the risk to Hansen if he contracts coronavirus, as reliable information places him in a higher-risk category. Specifically, the presentence report documents that he suffers from diabetes, hypertension, high cholesterol, kidney disease, and chronic obstructive pulmonary disease, all of which are confirmed risk factors for serious illness if one contracts coronavirus. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last visited May 6, 2020).

  These considerations—specifically, Mrs. Hansen's dire situation and the increased risk to Hansen's health while incarcerated—together, and separately, qualify as extraordinary reasons warranting consideration of a reduction of his sentence.

. The next question is whether a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The policy statements issued by the Sentencing Commission even before the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Hansen. *See* U.S.S.G. § 1B1.13, app. note 1(D). *See, e.g., United States v. Reyes*, No. 04 CR

970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.).

Finally, section 3582(c)(1)(A) requires the Court to consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). These include Hansen's history and characteristics; the nature and circumstances of the crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public from further crimes by Hansen; and providing him with any necessary services and treatment.

Hansen's crime was indeed serious, and his victims suffered as a result. But he has served the overwhelming majority of the prison sentence that the sentencing judge imposed. At this point, the reduction he is requesting involves only a matter of months off his time in custody. In many situations, the fact and certainty of punishment is just as important as its severity, and sometimes more so. That is the case here. Hansen has paid a significant price for his crime by serving nearly two years in prison. Cutting a modest number of months from his sentence does not diminish the seriousness of the crimes or undercut respect for the law or deterrence. To the contrary, courts promote respect for the law when they exercise mercy in appropriate circumstances. Those circumstances are present here.

## Conclusion

For the reasons stated, the Court grants Hansen's motion for relief under 18 U.S.C. § 3582 [30] [38], terminates as moot his motion for attorney representation [36], and reduces Hansen's prison sentence to time served. This is conditioned, however, upon a modification of the terms of his supervised release to add a requirement that

Hansen serve the first 60 days of his release on home detention.[1]  Compliance with this condition shall be monitored by a form of location monitoring technology selected at the discretion of the probation officer, and Hansen shall abide by all technology requirements.  The Clerk will prepare an amended judgment and commitment order.

Date:  May 7, 2020

                                                                       MATTHEW F. KENNELLY
                                                                       United States District Judge

---

[1] The Court imposes this condition in order to facilitate Hansen's reentry to the community.